```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | | |
|---|---|---|
| BTU SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0092 |
| | § | |
| KVN INVESTMENTS, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING REMAND

Pending is Plaintiff BTU Solutions, LLC's Motion to Remand (Document No. 8). After carefully reviewing the motion, the response, reply, and the applicable law, the Court concludes that Plaintiff's motion should be granted and this case should be remanded.

Plaintiff BTU Solutions, LLC ("Plaintiff") seeks removal and cancellation of a lien placed on real property in favor of Defendant KVN Investments, LLC ("Defendant"), which arose out of some commercial transactions. Defendant timely removed the action, asserting diversity jurisdiction. Plaintiff moves to remand, alleging that Defendant has not met its burden to show diversity of citizenship by a preponderance of the evidence.

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction. 28 U.S.C.

§§ 1332(a), 1441(b). Federal district courts have diversity jurisdiction over civil actions in which:

> the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

Id. § 1332(a). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir. 1975). The party asserting diversity jurisdiction must do so by a preponderance of the evidence. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). "The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." In re Hot-Hed Inc., 477 F.3d 320, 323 (5th Cir. 2007) (per curiam). "Moreover, when federal jurisdiction has been challenged and no evidence in support of jurisdiction is adduced by the party seeking to invoke it, a federal court may not assert jurisdiction." Guerrero v. State Farm Mut. Auto. Ins. Co., 181 F.3d 97, 1999 WL 346977, at *2 (5th Cir. May 20, 1999) (unpublished op.) (holding that the district court erred in denying remand when defendant had not presented any evidence of its principal place of business after

plaintiff had challenged its citizenship) (citation omitted); see also Welsh v. American Surety Co., 186 F.2d 16, 17 (5th Cir. 1951).

For the purposes of a diversity inquiry, "the citizenship of a LLC is determined by the citizenship of all of its members," and "a LLC should not be treated as a corporation." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079-80 (5th Cir. 2008). Moreover, citizenship of an unincorporated association must be traced through each layer of the association, however many there may be. See Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam); accord Kinder Morgan Liquids Terminals, LLC v. Ponns & Co., Inc., No. CIV. A H-06-3225, 2006 WL 3691192, at *2 (S.D. Tex. Dec. 12, 2006) (Rosenthal, J.). In this case, therefore, the citizenship of Defendant must be determined by the citizenship of all of its members, and not by its place of formation. Harvey, 542 F.3d at 1080.

"An American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) (Dennis, J.). For purposes of diversity jurisdiction, courts recognize only the United States citizenship of a dual citizen. Id. at 247-48 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2nd Cir. 1991) cert. denied, 112 S. Ct. 1763 (1992)). "Accordingly, it has been held consistently, in a

significant number of cases, that a diversity suit may not be maintained under Section 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country and therefore has no state citizenship in this country." 13E CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3621, at 626-27 (3d ed. 2009) (footnote omitted).

It is uncontroverted that the amount in controversy in this case exceeds $75,000, that Plaintiff and every one of its members are citizens of the State of Texas, and that Defendant is a limited liability company organized under the laws of the State of California with a sole member, Kinh Van Nguyen ("Nguyen").[1] Plaintiff argues, however, that Defendant has failed to present any competent evidence that Nguyen is not a dual citizen of the United States and Vietnam, even if he claims citizenship of Vietnam. Plaintiff correctly observes that "if Mr. Nguyen is a United States citizen, diversity jurisdiction cannot exist since Defendant alleges he resides in Vietnam."[2]

Defendant's proof consists of an affidavit from Dich Vu ("Mr. Vu"), Vice President of Defendant, which states that no member of

---

[1] Although Plaintiff initially challenged Defendant's failure to establish that it had only one member, Plaintiff's Reply did not challenge the evidence presented by Defendant on this point. See Document No. 12, ex. 2 at 10 (KVN Operating Agreement); id., ex. 3 (KVN Action by Unanimous Written Consent by the Sole Member of KVN Investments, LLC).

[2] Document No. 8 at 5 n.4 (citing Coury, 85 F.3d at 249-50).

4

Defendant "is a resident or citizen of Texas, or . . . is domiciled in Texas," that Nguyen "is domiciled in Vietnam," and that Nguyen "has never been a resident or citizen of the State of Texas, nor has he ever been domiciled in Texas."[3] What is not established in this Affidavit or proved by Defendant, however, is that Nguyen is not a citizen, possibly even with dual citizenship, of the United States.[4] If he is a citizen of the United States, not domiciled in any state but rather in Vietnam as he claims, the Court does not have diversity jurisdiction. Defendant's other proof are unauthenticated photocopies of what purport to be Nguyen's expired Vietnamese passport (expiration date April 10, 2011) and his expired United States visa (expiration date April 14, 2010).[5] This suit was not filed until November 23, 2011, and removed to federal court on January 11, 2012. There is no evidence of Nguyen's citizenship as of those dates, and Defendant has offered no declaration from Nguyen himself to establish that he did not have

---

[3] Document No. 12-1 at 1 (Vu Aff.).

[4] Even in the face of Plaintiff's suggestion made well over a month ago that Nguyen may have dual citizenship, Defendant has provided no direct proof to the contrary. See Document No. 8 at 5, n. 4.

[5] See Document No. 12, exs. 4 and 5. Neither of these documents is self-authenticating under Federal Rule of Evidence 902. The copy of the United States visa, a domestic public document, lacks a "signature purporting to be an execution or an attestation." FED. R. EVID. 902(1). The copy of the Vietnamese passport, a foreign public document, lacks "a final certification that certifies the genuineness of the signature and official position of the signer or attester." FED. R. EVID. 902(3).

United States citizenship at the time of removal.  Hence Defendant has failed to carry its burden of proof to establish that diversity jurisdiction exists.  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."  <u>Gasch v. Hartford Acc. & Indem. Co.</u>, 491 F.3d 278, 281-82 (5th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 8) is GRANTED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 7TH day of March, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE